Citation Nr: 1456921 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-15 157 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to an increased evaluation in excess of 20 percent for left shoulder dislocation with failed surgical repair.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Ozger, Associate Counsel






INTRODUCTION

The Veteran had active service from September 1992 to August 1995. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2011 rating decision of the Nashville, Tennessee Regional Office (RO) of the Department of Veterans Affairs (VA), which assigned the Veteran a temporary evaluation of 100 percent effective November 19, 2010 necessitating convalescence, and continued the assignment of a 20 percent disability rating for the Veteran's left shoulder from January 1, 2011.

The Board notes that, in addition to the paper claims file, there are electronic (Virtual VA and Veterans Benefits Management System (VBMS)) folders associated with the Veteran's claim. The only document on the VBMS is a copy of an Appellant's Brief dated September 2014. On the other hand, the documents in Virtual VA are either duplicative of the documents in the paper file, or are irrelevant to the issue on appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

Inasmuch as the Board regrets the additional delay of this appeal, a remand is required before the claim can be properly adjudicated.

In connection with his increased rating claim, the Veteran underwent a VA Joints examination in February 2011. During the examination, the examiner noted that the Veteran had an endoscopic exploration of the left shoulder in November 2010. The examiner also conducted a physical examination of the Veteran and noted the following ranges of motion (ROM) for his left shoulder: flexion was 0 to 130 degrees; abduction was 0 to 110 degrees; internal rotation was 0 to 50 degrees; and external rotation was 0 to 10 degrees. However, although the examiner noted that there was objective evidence of pain with active motion, he did not note the degree at which the Veteran's pain began. Furthermore, the examiner failed to provide the results of repetitive motion. As such, the Board finds this examination inadequate to assess the severity of the Veteran's left shoulder disability. 

Moreover, in his substantive appeal VA Form 9, the Veteran stated that his range of motion measurements were taken with someone aiding the movement and putting him in severe pain. He stated that at one point this person caused subluxation of the shoulder. Also, in another statement in February 2011, the Veteran stated that his left shoulder has been unstable and has gotten to the point where simply rolling down the window in the car became painful. Therefore, the Board concludes that, in addition to being inadequate, the February 2011 examination is too remote in time to address the current severity of the Veteran's service-connected left shoulder disability. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997) (holding that a Veteran was entitled to a new examination after a two year period between the last VA examination and the Veteran's contention that his disability had increased in severity) and Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (an examination too remote for rating purposes cannot be considered "contemporaneous"). Therefore, the Board must remand this matter to afford the Veteran an opportunity to undergo a new VA examination to assess the current nature, extent and severity of his left shoulder disability. See Snuffer, supra; VAOPGCPREC 11-95 (1995), 60 Fed. Reg. 43,186 (1995).

Finally, while on remand, the Veteran should be given an opportunity to identify any outstanding VA or non-VA treatment records, and such records should be obtained. In this regard, the claims file indicates that the Veteran received treatment from Star Physical Therapy. However, these medical records are not in the claims file. Upon remand, the AOJ should again attempt to obtain copies of treatment records from Star Physical Therapy with regard to the Veteran's left shoulder disability. 

Accordingly, the case is REMANDED for the following actions:

1. The Veteran should be given an opportunity to identify any outstanding VA or non-VA treatment records. Thereafter, such records, to especially include the private records from Star Physical Therapy, should be obtained for consideration in his appeal. All reasonable attempts should be made to obtain any identified records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and be allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

2. After all records and/or responses received from each contacted entity have been associated with the claims file, or a reasonable time for the Veteran's response has expired, arrange for the Veteran to undergo a new VA examination to determine the current level of severity of his left shoulder disability. The claims file and a copy of this remand must be made available to and reviewed by the examiner in conjunction with the examination. The examiner should note in the examination report that the claims folder and the remand have been reviewed.

The Veteran should be asked to provide a complete medical history, if possible. Based on a review of the claims file and the results of the Veteran's physical examination, and the Veteran's statements regarding the development and treatment of his left shoulder disability, the examiner should identify the severity of the Veteran's left shoulder disability. Additionally, the examiner should undertake all indicated tests and studies.

The examination report must include ranges of motion, with notations as to the degree of motion at which the Veteran experiences pain, if any. The examiner should identify and completely describe any other current symptomatology. 

Ask the examiner to discuss all findings in terms of diagnostic codes 5200-5203. The pertinent rating criteria must be provided to the examiner, and the findings reported must be sufficiently complete to allow for rating under all alternate criteria. 

In addition to objective findings, the examiner should fully describe the Veteran's lay accounts of functional effects caused by the left shoulder disability in the final report of the evaluation, such as those impacting his daily activities and employment/employability.

All opinions must be supported by a clear explanation, if necessary with citation to relevant medical findings, as appropriate, in a printed (typewritten) report.

3. The AOJ must ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND.

If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998).

4. The AOJ should then readjudicate the claim. If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded an opportunity to respond.

Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case. The Veteran has the right to submit additional evidence and arguments on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).